IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER W. PARRISH,

    Plaintiff,

vs.                                Case No. 19-3063-SAC

DAVID J. KAUFMAN and
STATE OF KANSAS,

    Defendants.

**O R D E R**

This case is before the court to screen plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567.

The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal

2

conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678.

III. The complaint

Plaintiff has written his complaint using forms for a civil rights complaint pursuant to the jurisdictional provisions of 28 U.S.C. § 1331. He lists three counts. Counts 1 and 3 appear to be directed at defendant Kaufman. Kaufman is a state district court judge in Sedgwick County, Kansas who has presided over Case No. 16-CR-608 and who is presiding over Case No. 18-CR-1297. Count 1 alleges that defendant Kaufman unconstitutionally convicted plaintiff of violating state statutes and imposed an unconstitutionally severe sentence in Case No. 16-CR-608. A review of the electronic docket of Case No. 16-CR-608 indicates that plaintiff had his probation revoked on or about March 20, 2019 and that he has filed a state court appeal. Count 3 alleges that defendant Kaufman has made improper evidentiary rulings in Case No. 18-CR-1297. Count 2 appears to be directed at defendant State of Kansas. Plaintiff alleges that the State of Kansas is bringing criminal charges against plaintiff for conduct protected by the First Amendment. This appears related to Case No. 18-CR-1297. A review of the electronic docket in that case indicates that the charges are still pending.

On the last page of the complaint form, under "REQUEST FOR RELIEF", plaintiff writes that he seeks reversal of a conviction

in Case No. 16-CR-608 and "removal from" the Kansas Offenders Registration Act (KORA) and deletion of all information from the KORA database. The "REQUEST FOR RELIEF" does not appear to be related to Count 2 because the charges in Case No. 18-CR-1297 do not allege a violation of KORA requirements.

IV. The Younger doctrine and Rooker-Feldman doctrine

Under the Younger doctrine,[1] the court must abstain from exercising jurisdiction over suits for declaratory or injunctive relief against pending state criminal proceedings in the absence of most exceptional circumstances. Goings v. Sumner County Dist. Attorney's Office, 571 Fed.Appx. 634, 637 (10th Cir. 2014)(quoting Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997)). Plaintiff is seeking injunctive relief in the form of a "reversal of a conviction." If plaintiff means the parole revocation judgment in Case No. 16-CR-608 entered on or about March 20, 2019, then the court must not exercise jurisdiction over that claim. If plaintiff is seeking an injunction against the prosecution pending in Case No. 18-CR-1297 and/or the evidentiary rulings made by defendant Kaufman, those claims must also be dismissed under the Younger doctrine.

Dismissal pursuant to the Younger doctrine is warranted when there are: 1) ongoing state criminal proceedings; 2) the state

---

[1] The doctrine derives from Younger v. Harris, 401 U.S. 37 (1971).

4

court offers an adequate forum to hear plaintiff's federal claims; 3) and the state proceedings involve important state interests. Goings, supra, quoting Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997). These conditions are present regarding plaintiff's claims for injunctive relief against pending state court criminal proceedings.

If plaintiff is seeking a reversal of his original conviction in Case No. 16-CR-608, jurisdiction over that claim is barred by the Rooker-Feldman doctrine.[2] The doctrine also applies to bar jurisdiction over plaintiff's challenge to the application of KORA by the state court. See E.B. v. Verniero, 119 F.3d 1077, 1090-92 (3rd Cir. 1997)(applying Rooker-Feldman doctrine to action challenging offender registration provisions in New Jersey); Denoma v. Kasich, 2015 WL 9906255 *11 (S.D.Ohio 11/2/2015)(applying doctrine to claim challenging state court reclassification of plaintiff as a sexual offender subject to registration requirements); Zuneska v. Cuomo, 2013 WL 431826 *3-5 (E.D.N.Y. 2/1/2013)(applying doctrine against claim seeking to bar opposition to plaintiff's declassification as a sexual offender); Skaggs v. Sanky, 2012 WL 243329 *2 (D.Nebr. 1/25/2012)(same seeking removal from sex offender registry). Under the Rooker-Feldman doctrine, a federal district court does not have jurisdiction to

---

[2] The doctrine derives from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

review a final state court judgment. See Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006). Only the Supreme Court has jurisdiction to hear appeals from final state court judgments. Id. Thus, recently in Cowan v. Hunter, 2019 WL 413745 *1 (10th Cir. 2/1/2019), the Tenth Circuit held that, pursuant to the Rooker-Feldman doctrine, the court did not have jurisdiction to vacate a judgment of conviction. The court in Cowan recognized that in some situations, a federal district court can consider collateral challenges to a state court conviction, such as a petition for habeas corpus. The court did not construe the complaint in Cowan as bringing a habeas claim and plaintiff's claim here also does not appear to be a claim for habeas corpus relief.

V. Conclusion

In conclusion, the court directs plaintiff to show cause by May 31, 2019 why this action should not be dismissed without prejudice pursuant to the Younger doctrine and the Rooker-Feldman doctrine.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge